UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ONETT DION BROWN,

                        Petitioner,

        -against-

SUPERINTENDENT OF
FISHKILL CORRECTIONAL FACILITY,

                        Respondent.

------------------------------------------------------------------- X

**OPINION & ORDER**
07-CV-0327 (SJF)

FEUERSTEIN, J.:

On May 23, 2006[1], a judgment of conviction was entered against petitioner Onett Dion Brown (petitioner) in the Supreme Court of the State of New York, Kings County, upon his plea of guilty to attempted burglary in the third degree and imposition of sentence to an indeterminate term of imprisonment of one and one-half to three years. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the petition is dismissed without prejudice.

I.    BACKGROUND

On May 11, 2006, petitioner was convicted, upon his plea of guilty, of attempted burglary

---

[1] Although petitioner indicates that the date of his judgement of conviction was May 11, 2006, that was the date of petitioner's conviction, i.e. his plea of guilty. According to respondent, petitioner was sentenced on May 23, 2006 and, thus, that is the date of his judgment of conviction. See N.Y. C.P.L. §1.20(15) (defining "judgment" as being "comprised of a conviction and the sentence imposed thereon and [as being] completed by imposition and entry of the sentence).

1

in the third degree. On May 23, 2006, petitioner was sentenced to an indeterminate term of imprisonment of from one and one-half to three years. Petitioner did not appeal his judgment of conviction, or move for any other post-conviction relief in the state courts, see N.Y. C.P.L. §§ 440.10 (motion to vacate judgment) and 440.20 (motion to set aside sentence), and his time to appeal the judgment of conviction in state court has since expired. See N.Y. C.P.L. §§ 460.10(1)(a) and 460.30(1). The only post-conviction action taken by petitioner was to file the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254[2]. Petitioner does not set forth any grounds for the relief requested in his petition.

II.     THE AEDPA

   A.     Exhaustion and Procedural Default

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254. The AEDPA requires that, prior to bringing a petition for habeas corpus relief in federal court, a petitioner "[1] must exhaust the remedies available in state court or [2] demonstrate [A] that 'there is an absence of available State corrective process [or] [B] [that] circumstances exist that render such process ineffective to protect the rights of the prisoner.'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir. 2000) (citation omitted, insertions in original); see 28 U.S.C. § 2254(b)(1). Exhaustion requires the petitioner to have "fairly

---

[2] Petitioner originally filed the instant habeas petition in the United States District Court for the Southern District of New York. However, by order dated December 1, 2006, Chief Judge Kimba M. Wood of that court transferred this proceeding to this Court pursuant to Local Rule 83.3 (the transfer order). The transfer order and petition were filed in this Court on January 12, 2007.

presented" to the highest state court "both the factual and legal premises of the claim he asserts in federal court." Jones v. Keane, 329 F.3d 290, 294-95 (2d Cir. 2003) (internal quotations and citation omitted).

As petitioner did not appeal his judgment of conviction, or seek any other post-conviction relief in state court, petitioner did not exhaust his remedies. However, "[a] petition is unexhausted only if the petitioner can still receive the relief he seeks from the state system." Perez v. Greiner, 296 F.3d 123, 124, n. 2 (2d Cir. 2002); see 28 U.S.C. § 2254(c). "For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (citing Harris v. Reed, 489U.S. 255, 263 n. 9, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). "In such a case, a petitioner no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. § 2254(b)," Grey, 933 F.2d at 120, and, thus, has met the statutory exhaustion requirements for presenting a habeas petition in federal court. Id. at 120-121.

Since petitioner's time to appeal his judgment of conviction has expired, see N.Y. C.P.L. § 460.10(5)(a), any claims he could have raised on direct appeal are deemed exhausted, but procedurally defaulted. See Harris, 489 U.S. 255, 263, n. 9, 109 S.Ct. 1038; see also O'Sullivan v. Boerckel, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)(holding that the petitioner's failure to present three of his federal habeas claims to the highest state court in a timely fashion resulted in a procedural default of those claims); Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (holding that a petitioner may not evade the strictures of the exhaustion doctrine by defaulting his or her federal claims in state court). As with other types of procedural

3

default, petitioner may raise such claims only upon "a showing of cause for the procedural default and prejudice resulting therefrom," Grey, 933 F.2d at 121, or upon a demonstration that the "failure to consider the claims will result in a fundamental miscarriage of justice." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005); see also Jiminez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006), cert. denied, 127 S.Ct. 976, 166 L.Ed.2d 740 (2007) (holding that under the procedural-default doctrine, when a prisoner has exhausted his state remedies but has not given the state courts a fair opportunity to pass on his federal claims, the prisoner has procedurally defaulted and is ineligible for federal habeas relief absent a showing of "cause and prejudice" or "a fundamental miscarriage of justice").

However, any claims that petitioner can still raise in state court on collateral review pursuant to N.Y. C.P.L. §§ 440.10 and 440.20, while unexhausted, are not necessarily procedurally defaulted. See, e.g. Shomo v. Maher, No. 04-CV-4149, 2005 WL 743156, at * 3, n. 7 (S.D.N.Y. Mar. 31, 2005); Marchese v. Senkowski, No. 97-CV-2055, 1999 WL 731011, at * 6, n. 4 (E.D.N.Y. Sept. 15, 1999) (stating that the petitioner's claims which could be raised before the state court in a third motion pursuant to N.Y. C.P.L. § 440 could not be deemed exhausted and barred from review in federal court). Since the petition is facially defective for failing to set forth any grounds for relief, it is dismissed without prejudice. See, e.g. Diguglielmo v. Sankowski, No. 01-2026, 42 Fed.Appx. 492, 2002 WL 1162791, at * 4 (2d Cir. Jun. 3, 2002) (dismissing habeas petition without prejudice where the petitioner failed to exhaust any of his federal claims); Shomo, 2005 WL 743156, at * 7 (dismissing petition containing only unexhausted claims without prejudice for failing to exhaust).

B.    Statute of Limitations

Section 2244(d)(1)(A) provides that a one year statute of limitations period is applicable to applications for a writ of habeas corpus, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As petitioner's judgment became final thirty (30) days after imposition of his sentence, see N.Y. C.P.L. § 460.10(1)(a), the one year limitation period expired on June 22, 2007, while the instant petition was pending before this Court. Accordingly, even though the instant petition is dismissed without prejudice, any subsequent habeas petition filed in this Court is time-barred unless the limitation period has been tolled.

1.    Statutory Tolling

Section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As plaintiff has not filed any application for state post-conviction or other collateral review with respect to his judgment of conviction, and the statutory tolling period does not apply to applications for a writ of habeas corpus pending in federal court, see, e.g. Duncan v. Walker, 533 U.S. 167, 181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the one year limitations period was not tolled pursuant to section 2244(d)(2).

2.    Equitable Tolling

Notwithstanding the inapplicability of statutory tolling to an application for a writ of

habeas corpus, the limitation period may still be tolled for equitable reasons. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) (holding that even though a petition is not entitled to the automatic tolling mandated by section 2244(d)(2), under appropriate circumstances the petitioner may be entitled to equitable tolling); see also Cole v. Greiner, No. 01-CV-1252, 2003 WL 21812023, at * 2 (E.D.N.Y. Jul. 23, 2003) (holding that the ADEPA statute of limitations is not jurisdictional and may be tolled equitably). Equitable tolling is available only in "rare and exceptional circumstance[s]," Smith v. McGinnis, 208 F.3d 390, 391-392 (2d Cir. 2000), where the petitioner is prevented from timely filing by circumstances beyond his or her control, and only upon a showing that he or she acted with reasonable diligence throughout the period he or she seeks to toll. See, Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001).

Petitioner acted with reasonable diligence in filing the instant habeas petition within four (4) months of his judgment of conviction. See, e.g. Rodriguez, 303 F.3d at 439 (noting that dismissing a timely filed habeas petition without prejudice for failure to exhaust state court remedies would be an illusion where a petitioner could never succeed in timely re-filing the petition because he would already be time-barred and that, in such a situation, under appropriate circumstances, a petitioner may be entitled to tolling as a matter of equity for a subsequently filed habeas petition). Accordingly, with respect to any subsequently filed habeas petition, he will be permitted an opportunity to establish that the one year limitation period should otherwise be equitably tolled for the period during which the habeas proceeding was pending in federal court.[3]

---

[3] According to the transfer order, the *pro se* office in the Southern District of New York received petitioner's petition on September 11, 2006. Therefore, in the event petitioner establishes that the AEDPA limitation period should be equitably tolled, the limitations period will be tolled from September 11, 2006 until the date of entry this order, a period of two hundred ninety-one days. Accordingly, any subsequent petition must be filed on or before April 14, 2008.

See, e.g. Hust v. Costello, 329 F.Supp.2d 377, 380 (E.D.N.Y. 2004) (denying petition without prejudice for failing to exhaust claims and noting that the Court would not be precluded from considering whether any subsequently filed habeas petition would be timely as a matter of equity). Thus, on or before April 14, 2008, petitioner may file a subsequent petition which (1) sets forth the grounds upon which he bases his request for relief; (2) demonstrates that any of the asserted claims have been exhausted and (a) that there was cause for any procedural default of those claims and prejudice resulting therefrom or (b) that a failure to consider any defaulted claims will result in a fundamental miscarriage of justice; and (3) demonstrates that the one year ADEPA limitation period was equitably tolled.

III. CONCLUSION

Petitioner's petition for a writ of habeas corpus is dismissed in its entirety without prejudice. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2) a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. §2253. The Clerk of the Court is directed to close this case.

SO ORDERED

                                              /s/
                                     Sandra J. Feuerstein
                                     United State District Judge

Dated: June 29, 2007
       Central Islip, New York

Copies to:

Onett Dion Brown, 06A3182
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508

Kings County District Attorney's Office
Renaissance Plaza
350 Jay Street
Brooklyn, New York 11201-2908